United States Bankruptcy Court
The Eastern District of Wisconsin

In re:  Case No. 25-22893-rmb

Candie Yer Herr and Eric Zooves Herr,  Chapter 7

Debtors.

Candie Yer Herr and Eric Zooves Herr,  Adversary Proceeding No. 25-02091-rmb

Appellants

v.

HELEN M. LUDWIG, et al.,

Appellees.

**FILED 2025 DEC 11 AM 9:00 US BANKRUPTCY COURT EASTERN DISTRICT OF WI**

---

**NOTICE OF APPEAL for ORDER DENYING MOTION TO REOPEN ADVERSARY PROCEEDING**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, AND TO ALL PARTIES OF RECORD:**

NOTICE IS HEREBY GIVEN that Appellants Candie Yer Herr and Eric Zooves Herr, proceeding pro se, hereby appeal to the **United States District Court for the Eastern District of Wisconsin** from the following Order of the United States Bankruptcy Court for the Eastern District of Wisconsin (Honorable Rachel M. Blise) entered in this adversary proceeding:

1. **ORDER APPEALED FROM:** "Order Denying Motion to Reopen Adversary Proceeding" entered on **December 1, 2025**, and docketed as **Document No. 18**.

2. **FILING DATE OF ORDER:** December 1, 2025.

3. **JUDGE:** Honorable Rachel M. Blise.

4. **NATURE OF ORDER:** A final order denying Appellants' Motion to Reopen Adversary Proceeding for the purpose of filing a motion to deposit property with the Court pursuant to Federal Rule of Bankruptcy Procedure 7067.

5. **PARTIES TAKING APPEAL:** Appellants: Candie Yer Herr and Eric Zooves Herr.

6. **NAMES OF ALL PARTIES TO THE JUDGMENT/ORDER APPEALED FROM:**

   - Candie Yer Herr
   - Eric Zooves Herr
   - Helen M. Ludwig, Chapter 7 Trustee
   - United States Trustee (Dillon Ambrose)
   - United States Department of Justice

7. **REQUEST FOR TRANSCRIPT (Check One):**

   - [X] A transcript is **not** necessary for this appeal.
   - [ ] A transcript **is** necessary. The Appellants designate for inclusion the electronic sound recording of all proceedings before the Bankruptcy Court related to the December 1, 2025 order and the underlying motion to reopen.

    ☒ If a written transcript is required, the Appellants request the Clerk to arrange for its preparation.

8. **STATEMENT OF ISSUES (Brief Summary):**

The appeal challenges the Bankruptcy Court's denial of Appellants' Motion to Reopen the adversary proceeding. The issues include whether the Court abused its discretion by refusing to reopen the proceeding for a procedural deposit motion after having ruled such a motion could only be brought in an adversary proceeding, and whether the Court erred by conflating a procedural request with a previously rejected substantive theory.

Respectfully,

Dated: *Dec. 11th*, 2025

*/s/ Candie Yer Herr/*

Candie Yer Herr, Pro Se Appellant
8020 West Whitaker Avenue
Greenfield, Wisconsin 53220
(414) 559-0091

*/s/ Eric Zooves Herr/*

Eric Zooves Herr, Pro Se Appellant
8020 West Whitaker Avenue
Greenfield, Wisconsin 53220
(414) 559-0144

**CERTIFICATE OF SERVICE**

I, Candie Yer Herr and Eric Zooves Herr, certify that on this __11th__ day of December, 2025, a true and correct copy of the foregoing **NOTICE OF APPEAL** was served on all parties and/or their counsel of record via the Court's CM/ECF system and/or by first-class U.S. Mail, postage prepaid, to the following:

1. **Helen M. Ludwig, Chapter 7 Trustee**
   P.O. Box 574
   Mukwonago, WI 53149

2. **Office of the U.S. Trustee**
   Dillon Ambrose
   517 East Wisconsin Avenue, Suite 430
   Milwaukee, WI 53202

3. **United States Department of Justice**　　　　　　　　U.S.P. S
   950 Pennsylvania Avenue NW
   Washington, D.C. 20531

Candie Yer Herr and Eric Zooves Herr

So Ordered.

Dated: December 1, 2025



*Rachel Blise*
Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| In re:<br><br>Candie Yer Herr and<br>Eric Zooves Herr,<br><br>Debtors. | Case No. 25-22893-rmb<br><br>Chapter 7 |
|---|---|
| Candie Yer Herr and Eric Zooves Herr<br><br>Plaintiffs,<br><br>v.<br><br>Helen M. Ludwig, et al.<br><br>Defendants. | Adversary No. 25-2091 |

**ORDER DENYING MOTION TO REOPEN ADVERSARY PROCEEDING**

  The debtors filed this adversary proceeding on July 24, 2025. The Court issued an order to show cause why the case should not be dismissed and held a hearing on September 10, 2025. During the hearing, the debtors voluntarily requested dismissal of the adversary proceeding. The Court entered an order dismissing the case on September 11, 2025.

  On November 19, 2025, the debtors filed a motion to reopen the adversary proceeding and for leave to deposit property with the Court. Their motion states, "Debtors seek to reopen this proceeding to resolve a specific, good-faith dispute concerning property that is part of the bankruptcy estate, by depositing said property with the Court for safekeeping pending a final determination of its ownership or disposition." Dkt. No. 17 at 1. The debtors seek to deposit with the Court a "valid negotiable instrument assigned to United States DOJ via UCC Contract Trust Account." *Id.* at 2.

Case 25-02091-rmb Doc 18 Entered 12/01/25 15:24:43 Page 1 of 2
Case 2:25-cv-01955-JPS Filed 12/11/25 Page 5 of 6 Document 1

The debtors' description of the property is nonsensical. However, it appears that the debtors are attempting to reprise an argument the Court twice rejected in the main bankruptcy case. There, the debtors sought to deposit with the Court their certificates of naturalization, which the debtors say can somehow be used to pay their debts. The Court rejected this argument and denied the debtors' motions in the main case. *See In re Herr*, Case No. 25-22893, Dkt. Nos. 103, 119.

In the adversary, the debtors' request to deposit their certificates of naturalization does not relate to any of the claims pleaded in their complaint. For that reason alone, the Court could deny the debtors' motion to reopen and to deposit their certificates of naturalization with the Court.

More fundamentally, however, the debtors' certificates of naturalization are not bonds, and the certificates cannot be used to pay the debts of the debtors. None of the authorities cited in the debtors' motion changes this. In House Joint Resolution 192 of 1933, Congress declared the United States would no longer follow the gold standard, that no debts or other obligations would be required to be paid with gold, and that all debts and other obligations could be paid with "any coin or currency which at the time of payment is legal tender for public and private debts." H.R.J. Res. 192, 73d Cong. (1933). That is, no person can demand payment of debts in gold and must instead accept "coins and currencies of the United States." *Id.* Nothing in the resolution provides that birth certificates or certificates of naturalization are legal tender or can be traded for currency or can be used to satisfy debts or other obligations.

The other two citations – one a statute and the other a regulation – are wholly irrelevant here. 12 U.S.C. § 4713a(e) relates to bonds and notes issued for community or economic development purposes through the Community Development Financial Institutions Fund (CDFI Fund). The CDFI Fund was created by the Small Business Jobs Act of 2010, Public Law 111-240. That law was enacted on September 27, 2010, well after the debtors became naturalized citizens in 1997. The debtors' certificates of naturalization are not bonds or notes, and they were not issued for community or economic development purposes as defined in the statute. 12 C.F.R. § 1808.600 is a regulation that relates to the Community Development Financial Institutions Bond Guarantee Program administered by the CDFI Fund. *See* 12 C.F.R. § 1808.100. Again, the debtors' certificates of naturalization are not bonds under that program.

The debtors' certificates of naturalization have no value to the bankruptcy estate, they cannot be used to pay the claims of creditors, and they are not disputed property capable of deposit with the Court pending resolution of litigation under Federal Rule of Bankruptcy Procedure 7067.

For these reasons, IT IS HEREBY ORDERED that the debtors' motion to reopen and to deposit property with the Court is DENIED.

#####

2
Case 25-02091-rmb    Doc 18    Entered 12/01/25 15:24:43    Page 2 of 2
Case 2:25-cv-01955-JPS    Filed 12/11/25    Page 6 of 6    Document 1