# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CANDIE YER HERR and ERIC ZOOVES HERR,

    Appellants,

v.

HELEN M. LUDWIG, DILLON AMBROSE, and UNITED STATES DEPARTMENT OF JUSTICE,

    Appellees.

Case No. 25-CV-1955-JPS

**ORDER**

    Debtor-Appellants Candie Yer Herr and Eric Zooves Herr ("Appellants"), acting pro se, appeal United States Bankruptcy Judge Rachel M. Blise's denial of their motion to reopen their bankruptcy adversary proceeding, *Candie Yer Herr et al. v. Helen M. Ludwig et al.*, No. 25-02091-rmb, ECF No. 18 (Bankr. E.D. Wis. Dec. 1, 2025) (hereinafter "Adversary Proceeding Docket"). ECF No. 1. They did not pay the required filing fee to appeal. *See* Adversary Proceeding Docket, ECF No. 21.

    Less than two weeks after they filed their notice of appeal, they filed a notice purporting to voluntarily dismiss it. ECF No. 2; Adversary Proceeding Docket, ECF No. 24. Appellants represent that their decision to withdraw their appeal "is based on the filing of a new adversary proceeding . . . which supersedes the issues raised in this appeal." ECF No. 2 at 1.

    On the appellants' motion, the Court may dismiss an appeal from a bankruptcy court's order, on terms it deems proper. FED. R. BANKR. P.

8023(b).[1] Additionally, the Federal Rules of Civil Procedure and the Local Rules for the United States District Court of the Eastern District of Wisconsin provide for dismissal of an action that the plaintiff (here, Appellants) has failed to prosecute. FED. R. CIV. P. 41(b); CIV. L.R. 41(c); *see also* FED. R. BANKR. P. 8023(b), Committee Notes on Rules—2014 ("Nothing in this rule prohibits a district court . . . from dismissing an appeal for other reasons authorized by law, such as the failure to prosecute an appeal."); *In re ANR-Advance Transp. Co.*, 73 F. App'x 183, 185 (7th Cir. 2003) ("It is within the district court's sound discretion to dismiss an appeal from a bankruptcy court order when the appellant negligently fails to comply with procedural rules . . . ." (collecting cases)). Here, the Court will dismiss this case without prejudice for Appellants' failure to prosecute this case by failing to pay the required filing fee to appeal.

Every filing, case, and appeal require some measure of the Court's resources, and it is not a prudent use of the Court's resources—nor the Bankruptcy Court's, Appellees', or Appellants' resources—to initiate appeals that are quickly abandoned. Appellants are warned that future filing of appeals without paying the required appeal filing fee, or the filing or frivolous appeals, may result in sanctions including but not limited to dismissal, monetary penalties, and filing bars.

Accordingly,

**IT IS ORDERED** that Debtor-Appellants Candie Yer Herr and Eric Zooves Herr's appeal of United States Bankruptcy Court for the Eastern

---

[1] Rule 8023(a) provides for stipulated voluntary dismissal "if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any court fees that are due." This provision does not apply here because Appellants' notice is not signed by any of the Appellees nor does it specify how the outstanding costs—the appeal filing fee—will be paid.

District of Wisconsin Adversary Proceeding No. 25-02091-rmb be and the same is hereby **DISMISSED without prejudice** for failure to prosecute.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

<div style="color:red">

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to rehear the matter. Fed. R. Bankr. P. 8022. Such a motion must be filed within **fourteen (14)** days of the entry of judgment. The Court may extend this deadline upon a party's motion to do so. Fed. R. Bankr. P. 8022(a)(1).

</div>